UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO GARCIA-ESTUPINAN,

v.                                    Case No. 8:02-cr-435-T-24EAJ
                                           8:08-cv-833-T-24EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Eduardo Garcia-Estupinan's motion to
vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.
(Doc. cv-1; cr-595).  Because review "of the motion and the file and records of the case
conclusively show that the defendant is entitled to no relief," the Court will not cause notice
thereof to be served upon the United States Attorney but shall proceed to address the
matter. *See* 28 U.S.C. § 2255.

Background

On May 19, 2003, Garcia-Estupinan pled guilty, without a plea agreement, to
possession with intent to distribute 5 kilograms or more of cocaine, while on board a vessel
subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 1903(a) &
1903(g), 18 U.S.C. § 2 and § U.S.C. 21 960(b)(1)(B)(ii) (Count One); and conspiracy to
distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction
of the United States, in violation of 46 U.S.C. § 1903(a),(g), and (j), and 21 U.S.C. §
960(b)(1)(B)(ii) (Count Two).  (Doc cr-422 at p. 1; cr-519 at pp.14-15).  On August 26,
2003, the Court sentenced Garcia-Estupinan "to be imprisoned for a total term of three
hundred months as to Counts One and Two of the Indictment; to run concurrent to each

other."  (Doc. cr-468 at p. 50; cr-422 at p. 2).  Judgment was entered August 28, 2003. (Doc. cr-422).

Garcia-Estupinan appealed. (Doc. cr-423).  On October 26, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment and conviction.  (Doc. cr-579).  *United States v. Revolorio-Ramo*, 468 F.3d 771 (11th Cir. 2006).  On May 4, 2007, the United States Supreme Court denied Garcia-Estupinan's petition for writ of certiorari. (Doc. cr-582).  On May 1, 2008, Garcia-Estupinan timely filed the present motion to vacate, raising one ground of ineffective assistance of counsel. (Doc. cv-1; cr-595).

Discussion

Garcia-Estupinan contends that trial counsel provided ineffective assistance during the plea and sentencing hearing resulting in Garcia-Estupinan's receiving a sentence beyond the guidelines.  In support, he claims:

> On May 19, 2003, Defendant entered an open Plea to the Indictment, because his attorney told him not to sign the Plea Agreement.  On August 26, 2003, Defendant was sentence [sic] to 300 months of imprisonment, based on Criminal History of 1 and Offense Level of 38, based on a 3 level enhancement that he was a Supervisor (U.S.S.G. § 3B1.1(c) for his role as captain/navigator on the go-fast boat.  If it was not for Counsel's ineffective assistance, he should have been sentenced to an Offense Level of 35 which carries 168 to 210 months of imprisonment.  Counsel was deficient for not knowing the laws of the MDLE; by not realizing that Defendant should be enhanced 2 levels for being a captain/navigator pursuant to U.S.S.G. § 2D.1(b)(2)(B); that Defendant had admitted to navigating the speedboat and admitting to the charges at the Plea Hearing while the other Defendants took the case to trial;  counsel was deficient for arguing at Sentencing and on Direct Appeal that defendant was entitled to a downward departure for Minor Role -- which is contrary to the case law; and Counsel was deficient for arguing at Sentencing and on Direct appeal that the federal court lacked jurisdiction over the Defendant.  The Eleventh Circuit allows Defendants who act as a captain/navigator to receive the Safety Valve as a first time offender pleading out in Court.

(Doc. cv-1 at pp. 4-5).

Garcia-Estupinan contends that he should have been sentenced at a 35 Offense Level to "around 180 months of imprisonment" based on his willingness to cooperate and to admit to the charges, and not burden the Court by going to trial like his co-Defendants.

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

3

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

## A. Ineffective Assistance of Counsel During the Plea Process

Garcia-Estupinan claims that trial counsel was ineffective during the plea process because trial counsel told him not to sign the plea agreement.  This claim has no merit.

It is well established that a voluntary, unconditional guilty plea waives all nonjurisdictional challenges to the constitutionality of the conviction that arose prior to the plea. *See, e.g., Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992) (guilty plea waives pre-plea ineffective assistance of counsel claim in a section 2255 proceeding); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir.1984) (guilty plea waives speedy trial and due process challenges in a section 2255 proceeding; collecting cases); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir.1979) (guilty plea waives claims regarding Miranda warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding).

Garcia-Estupinan does not allege that his plea of guilty to both counts of the Indictment was involuntary, and the transcript of the change of plea hearing establishes that his plea was knowing, voluntary, and intelligent.  At the May 19, 2003, change of plea hearing, Garcia-Estupinan swore that he was not taking any medication except medication for his high blood pressure and that his mind was clear.  (Doc. cr-19 at p. 5).  Garcia-

Estupinan confirmed that he understood that there would be no trial if he pled guilty. He also confirmed that he understood if he went to trial a jury "would have to decide you were guilty of these crimes for you to be convicted of the crimes." (Doc. cr-519 at pp. 6-7). He confirmed that he understood if he went to trial he would be able to call witnesses, that he could testify if he chose to do so, and that the Government would have to prove beyond a reasonable doubt he was guilty of the conspiracy and the possession with the intent to distribute cocaine. (Doc. cr-519 at pp. 7-8). Garcia-Estupinan confirmed that he had talked with his counsel about the charges against him, including the definition of conspiracy. The Court further defined conspiracy for Garcia-Estupinan. Garcia-Estupinan agreed that he understood the meaning of conspiracy. (Doc. cr-519 at p. 8-9, 11). The Court explained that the maximum sentence for the conspiracy count was life imprisonment and that the minimum sentence was ten years imprisonment. Garcia-Estupinan confirmed that he understood. (Doc. cr-519 at p. 9).

The Court explained the meaning of possession [of cocaine], the second count to which Garcia-Estupinan was pleading guilty, and told Garcia-Estupinan the elements the Government would have to prove at trial. (Doc. cr-519 at pp. 9-10). Garcia-Estupinan confirmed that he understood. In addition, the Court told Garcia-Estupinan that the maximum sentence for the crime of possession was life imprisonment with a minimum mandatory sentence of ten years. (Doc. cr-519 at p. 10).

Garcia-Estupinan averred that no one had offered or promised him anything to "get you to enter this plea." In addition, Garcia-Estupinan averred that no one had threatened him to make him enter the plea. (Doc. cr-519 at p. 11). Garcia-Estupinan confirmed that he had discussed the plea and change of plea with his attorney and had discussed the options

5

of pleading [guilty] as opposed to going to trial. (Doc. cr-519 at pp. 11-12).  He also confirmed that he and his attorney had discussed the sentencing guidelines and that he knew he could not withdraw his plea once he pled guilty. (Doc. cr-519 at p. 12).

Counsel stated that he spoke Spanish and that he had discussed the options of pleading guilty as opposed to going to trial with Garcia-Estupinan. (Doc. cr-519 at pp. 13-14). The Government stated the factual basis for the record. (Doc. cr-519 at pp. 16-17) and Garcia-Estupinan and his counsel, separately, agreed with the facts. (Doc. cr-519 at p. 17). The Court then accepted Garcia-Estupinan's guilty plea to both counts of the Indictment. (Doc. cr-519 at p. 17).  Garcia-Estupinan pled guilty to both counts because he was guilty. (Doc. cr-519 at pp. 15-16).

Nothing in the record of the change of plea hearing demonstrates that Garcia-Estupinan's plea was not voluntary.  Therefore, Garcia-Estupinan's claim that counsel was ineffective pre-plea because he told Garcia-Estupinan not to sign the plea agreement is waived, and this claim does not warrant relief.

**B. Ineffective Assistance of Counsel at Sentencing and on Direct Appeal**

At the sentencing hearing, the Court adjusted Garcia-Estupinan's 38 base offense level upward 2 levels for his role as the captain and an additional 3 levels for his role as a supervisor. (Doc. cr-468 at p. 44). This adjustment for his role as a supervisor meant that he was not entitled to a safety-valve reduction.  However, the Court did make a downward adjustment of 3 levels for acceptance of responsibility because Garcia-Estupinan pled guilty. The Court found that there was no basis for a downward departure under the Guidelines, and sentenced Garcia-Estupinan at an offense level of 40. The guideline range was 292 to 365 months.  The Court sentenced Garcia-Estupinan to imprisonment of 300

months "to run concurrent as to Counts 1 and 2." (Doc. cr-468 at pp. 46-50). This sentence was within the guidelines sentence of 292 to 365 months. Therefore, Garcia-Estupinan's claim that counsel's ineffectiveness resulted in Garcia-Estupinan's receiving a sentence beyond the guidelines has no merit.

Garcia-Estupinan's claims that trial counsel was ineffective for "arguing that he was entitled to a minor role in the offense" and for "arguing that the federal court lacked jurisdiction over Garcia-Estupinan" are spurious claims. Garcia-Estupinan cannot show that he was prejudiced by trial counsel's arguments. Likewise, Garcia-Estupinan cannot show that trial counsel was deficient for "not knowing the law of MDLE." Garcia-Estupinan has not alleged any facts to demonstrate that trial counsel did not know the "law of MDLE." Because Garcia-Estupinan has not alleged any facts to support these spurious claims, he cannot show that these claims warrant any relief.

Finally, Garcia-Estupinan cannot show that counsel was ineffective "for not realizing that Garcia-Estupinan should be enhanced 2 levels for being a captain/navigator [instead of 3 levels for being a supervisor]." This Court found, at the sentencing hearing, and Garcia-Estupinan does not disagree, that he was a captain/navigator and enhanced his sentence 2 levels as a result. (Doc. cr-468 at p. 43). This Court also found that he was a supervisor, and enhanced his sentence 3 levels. The Eleventh Circuit affirmed the finding that Garcia-Estupinan was a supervisor in its published opinion:

> We affirm, without discussion, all other issues raised by appellants. *See 11th Circuit Rule* 36-1. Thus we conclude that 1) the evidence was sufficient to support the convictions os Revolorio-Ramo, Camareno-Camereno, Rotter, and Paz; 2) the district court did not err in denying the motion to dismiss the indictment as the evidence supported the finding that Guatemala had consented to the United States exercise of jurisdiction over the vessel Martitat Lau; 3) this Circuit's case law has established that the Maritime Drug

> Law Enforcement Act is not unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L. Ed.2d 435 (2000); 4) that the district court did not err in denying all appellants minor or minimal role in the offense adjustment in calculating the Sentencing Guidelines; and 5) **the district court did not err in finding that Garcia-Estupinan was a supervisor in calculating the Sentencing Guidelines.**

*United States v. Revolorio-Ramo*, 468 F.3d 771, 772 n.1 (11th Cir. 2006)(emphasis added).

Garcia-Estupinan was not eligible for the safety valve reduction of 2 levels because he was an "organizer, leader, manager, or supervisor of others in the offense." *See U.S.S.G. §5C1.2*(a). This excludes a "defendant who receives an adjustment for an aggravating role under § 3B1.1." *See* U.S.S.G. § 5C1.2, comment (n. 5). *See also*, *United States v. Rendon*, 354 F.3d 1320, 1333 (11th Cir. 2003).

Because the Eleventh Circuit affirmed the district court's finding that Garcia-Estupinan was a supervisor, Garcia-Estupinan cannot show that any action by trial counsel at sentencing or on appeal would have changed the outcome of the proceeding. Therefore, Garcia-Estupinan cannot show that he was prejudiced by counsel's action or inaction and that counsel was ineffective at sentencing or on direct appeal. This claim does not warrant relief.

Garcia-Estupinan Does not Meet *Hill v. Lockhart* Standard

Finally, Garcia-Estupinan does not contend that, but for trial counsel's performance, Garcia-Estupinan would not have pled guilty and would have gone to trial. In fact, Garcia-Estupinan specifically claims that the three level downward adjustment for acceptance of responsibility because he chose not to go to trial is correct. Nowhere in his motion to vacate does Garcia-Estupinan state that he wanted to go to trial.

**Accordingly, the Court orders**:

8

That Garcia-Estupinan's 28 U.S.C § 2255 motion to vacate (Doc. cv-1; cr-595) is denied.  The Clerk is directed to enter judgment against Garcia-Estupinan in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 7, 2008.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Joseph Ruddy
Pro se:  Eduardo Garcia-Estupinan

9